GULF, M. & O. R. Co. *v.* BAGGETT.

(In Banc.  May 25, 1942.  Suggestion of Error Overruled Sept. 28, 1942.)

[8 So. (2d) 246.  No. 35011.]

**Flowers, Brown & Hester, H. M. Kendall,** and **Robert Burns,** all of Jackson, for appellant.

Watkins & Eager, of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

A judgment was recovered by appellee against appellant railroad company for the damages done to appellee's automobile as a result of a collision with one of appellant's locomotives at a public highway crossing. The injury occurred about three o'clock on an afternoon in March. The automobile was being driven by appellee's eighteen year old daughter, who will be hereinafter referred to as the driver; and the negligence charged against appellant was the alleged failure to give the crossing signals prescribed by Section 6125, Code 1930.

The highway at the point in question crosses the railroad at right angles, or approximately so. The locomotive was proceeding northward at about four or five miles an hour, and the driver was approaching the crossing going west traveling at a moderate rate of speed. When the driver was about fifty feet, or perhaps a little more, from the crossing, she saw the locomotive, as she admits, and saw that it was headed toward the crossing. She thereupon slowed down, and came practically to a stop. She says that she heard no bell or whistle and saw no smoke coming from the locomotive and concluded therefrom that the locomotive was standing still, whereupon she forthwith proceeded at about ten miles an hour upon the crossing, where the automobile was struck and damaged by the locomotive. Comparing the movement of the locomotive with that of the automobile, it is fairly apparent that the locomotive, when the driver saw it, was within about one hundred feet of the crossing. It is not

controverted that the engineer did all he could to avert the injury when and after he saw that the driver was about to enter upon the crossing.

In accordance with the previous decisions and with the rule in other states, this court held in Thompson v. Mississippi Cent. R. Co., 175 Miss. 547, 166 So. 353, that where the driver of an automobile at a crossing actually saw nearby in unobscured daylight an approaching train and was thus informed both of its presence and of its proximity in time to avoid going upon the crossing, the failure to give the statutory crossing signals, if there were such a failure, became thereby a matter wholly immaterial in the determination of the case.

Appellee does not challenge the stated rule so far as concerns the presence of the locomotive, but says that the driver was entitled to the warning signals, so that thereby she could have been rendered more alert as to the movement of the train, and 52 C. J., p. 233, with the cases under note 6, are cited in support of that contention,— particularly United States Director General v. Zanzinger, 4 Cir., 269 F. 552, 554. That case and the others, so far as any of them are pertinent here, were concerned with situations where the train was standing still when and while seen, and thereafter went into movement without signal. Such is not the present case nor is it brought within the decisions relied on, even though there is the assertion of the driver that she thought the locomotive was standing still when the undisputed facts, as facts, are that it was moving and had not been still at any time during which the driver saw it.

Inasmuch as the actual sight of a locomotive, in unobstructed view in full daylight and within one hundred feet in distance, as was the case here, gives all the warning necessary of its presence and proximity, it must equally follow that when the locomotive so seen, within such a distance in unobscured daylight, was actually moving at the rate of as much as four or five miles per hour, and was approaching the crossing at a right angle to the

direction of the driver, this was all the warning that was necessary as to its movement.

It is interesting to note that in the principal case cited and discussed by appellee on this point, United States Director General v. Zanzinger, supra, the court also said that, ''a moving train, if seen, is itself a warning,''—and we must agree with that statement, when applied to the real facts of the case here before us.

The peremptory charge requested by appellant should have been given.

Reversed, and judgment here for appellant.